Filed 9/22/15  In re X.D. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re X.D. et al., Persons Coming Under the Juvenile Court Law. | H041760 (Santa Clara County Super. Ct. Nos. JD21801, JD21802 & JD21803) |
| SANTA CLARA COUNTY DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>J.D. et al.,<br><br>      Defendants and Appellants. | |

This appeal is brought by L.F. and J.D., the mother and father of three minor dependent children and one young adult who is a non-minor dependent of the juvenile court.  The parents assert the trial court erred in granting the Santa Clara County Department of Family and Children's Services' (Department) Welfare and Institutions Code[1] section 388 petition authorizing placement of the three younger children in a concurrent home in Alameda County.

---

[1] All further statutory references are to the Welfare and Institutions Code.

## STATEMENT OF THE FACTS AND CASE

In April 2013, the juvenile court detained L.F. and J.D.'s four children: Jesse D. who was 17 at the time,[2] X.D. (7), E.D. (3), and T.D. (10 months),[3] due to the parents' ongoing substance abuse and inability to meet the children's basic needs. All of the children were placed together in a foster home.

In May 2003, jurisdiction was continued, and the court ordered that the children were not to be separated without further order of the court.

An addendum report dated June 7, 2013 recommended that both parents receive family reunification services.

The foster home where the children were placed was an Emergency Satellite Home, which is considered a temporary placement. The foster parents were open to considering becoming a concurrent home.

In August 2013, the court sustained the petition and removed the children from their parents' custody. The Department was ordered to provide the parents with reunification services, including counseling, drug testing, substance abuse treatment, and 12-step meetings.

Jesse turned 18 in February 2014, and was admitted as a non-minor dependent of the juvenile court. Reunification services as to him were terminated, but he remained in the foster home with his siblings.

Both parents received reunification services until the 12-month hearing in July 2014. The court terminated J.D.'s services at that time, because he had not completed any of his case plan. The court continued reunification services for L.F until the 18-month hearing.

---

[2] Jesse D. is not the subject of this appeal.

[3] The children's ages were at the time the juvenile court took jurisdiction.

In September 2014, at the 18-month review hearing, the court terminated reunification services for L.F. All four children remained in the foster home and were attached to their foster parents, but the foster parents did not wish to have the children on a long-term basis. The Department was looking for a concurrent home for the children, and began looking out-of-county.

On October 31, 2014, the Department filed a section 388 petition notifying the court that an adoptive home had been found for the three minor children in Alameda County, and seeking authority to move the minor children to that home. The petition acknowledged that it was very important that the children maintain their relationship with Jesse, and that sibling visits would be set up as frequently as possible with him. The prospective adoptive family was willing to communicate with Jesse and facilitate ongoing visits with him.

Both L.F. and Jesse opposed the prospective move of the children from their foster home to the new adoptive home in Alameda County. Jesse wanted to adopt his siblings, but could not be considered as a placement because he was a non minor dependent of the juvenile court. A contested hearing on the section 388 petition was set for November 21, 2014.

At the contested hearing, both parents opposed the Department's request to move the children out-of-county. They argued there was not a change in the children's circumstances because the current foster parents were not asking for their removal. The parents also argued that it was not in the children's best interests to move out-of-county, because they were attached to their current foster parents and to Jesse, who was living with them at the time.

At the hearing, the children's social worker, Diep Nguyen testified about the case. She stated that the children have lived in the same foster home since their removal from their parents in April 2013. She also stated that the children were very bonded to one

3

another and it was important that they remain together. Ms. Nguyen stated that Jesse wanted the children placed with him so he could eventually adopt them, but was not in position to do that at time, because he needed to finish high school and secure housing and employment.

Ms. Nguyen said she found a family in Alameda County that was willing to be an adoptive home for all of the minor children. She stated that at the time of the hearing, the children had been visiting the prospective adoptive family for over one month and she believed a transition into the home would be a smooth one. In addition, the prospective adoptive family was willing to transport the children to visits with their mother, and to continue visits with Jesse.

Ms. Nguyen testified that although the children were attached to their current foster parents, and that they would have to change schools and therapists if they moved, she believed it was in their best interests if they moved into a permanent home sooner rather than later. She believed this out-of-county placement was better for the children, because it ensured they would all be together.

Jesse also testified at the hearing. He said that he has lived with his siblings since they were born and that he could "basically be their dad." He did not want them moved out-of-county because he would not be able to see them on a daily basis as he did currently. Jesse anticipated that he would be finishing high school in January 2015, and he wanted to enroll in a welding program, get a part-time job, and obtain housing so that he could care for his siblings. He believed that it would take about one and one-half years to implement his plan.

Following Jesse's testimony, Ms. Nguyen said her recommendation regarding moving the children had not changed. She agreed that moving the children would be difficult because they had become very attached to their caretakers. She also stated that

4

because Jesse's plan would likely take two years to accomplish, it would not be in the children's best interests to wait for placement with him.

The children's trial counsel supported the Department's petition. The court found the Department had met its burden under section 388, and ordered that the children be placed in the out-of-county adoptive home.

The court ordered the Department to continue to facilitate meaningful contact between Jesse and the children, including transportation back and forth to Alameda. Appellants filed timely notices of appeal.

## DISCUSSION

The parents assert the juvenile court erred in sustaining the section 388 petition, because the Department failed to establish that there was a change in circumstances, nor did it establish that an out-of-county move was in the children's best interests.

Section 388 permits any person having an interest in the child to petition for a hearing to change, modify, or set aside any court order previously made on grounds of change of circumstance or new evidence. (*In re Lesly G.* (2008) 162 Cal.App.4th 904, 912.) To prevail, the petitioner must demonstrate by a preponderance of the evidence that new or changed circumstances warrant a change in the prior order to promote the best interest of the child. (*In re S.J.* (2008) 167 Cal.App.4th 953, 959.) "We review the grant or denial of a petition for modification under section 388 for an abuse of discretion." (*In re B.D.* (2008) 159 Cal.App.4th 1218, 1228.) " ' "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." ' " (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.)

Section 388 provides, in relevant part, as follows: "(a)(1) Any parent or other person having an interest in a child who is a dependent child of the juvenile court . . .

5

may, upon grounds of change of circumstance or new evidence, petition the court . . . for a hearing to change, modify, or set aside any order of court previously made . . . . [¶] . . . [¶] (d) If it appears that the best interests of the child . . . may be promoted by the proposed change of order, . . . the court shall order that a hearing be held . . . ."

Here, in the section 388 petition, the Department argued that there were multiple changes that supported the requested change in placement for the children. First, reunification services for the parents were terminated, and the children needed a permanent placement. Second, the foster parents with whom the children were placed at the time, decided not to provide a permanent home for them.

Finally, the Department had found a prospective adoptive home for the children. The home had been found during the reunification period, and at the time of the hearing in November 2013, the children were visiting multiple days a week and were having overnight visits on the weekends with the new family.

Finding an adoptive home is the statutorily mandated preference for a permanent plan. (§366.26, subd. (b)(1).) Here, the Department had found a prospective adoptive home that wanted to take all three minor children. This, coupled with the fact that the children's existing foster parents had specifically expressed their desire not to have the children permanently, created changed circumstances within the meaning of section 388.

Moreover, the evidence supports a finding that the juvenile court's order was in the children's best interest. At the time of the Department's request, the children had already begun visiting with the prospective adoptive parents two times a week and were building a relationship with them. The existing foster parents were working with the new prospective adoptive family to facilitate a smooth transition between homes. The prospective adoptive parents expressed their willingness to transport the children for visitation with their mother, and with Jesse. They also acknowledged the importance of the children continuing their relationship with Jesse.

6

The parents argue that moving the children from their foster family in Santa Clara County was not in the children's best interests, because it would separate them from their older brother, Jesse, with whom they had a very close relationship. They argue it would be better to have the children remain in their existing temporary placement with Jesse, rather than move them out-of-county to a permanent home without him.

Without question, the evidence shows that the children were very bonded with their brother, and that he had acted as a parent to them when their own biological parents could not. Indeed, the juvenile court noted the value of this important relationship. However, while Jesse wanted the children placed with him so that he could eventually adopt them, he was not in position to do that at the time of the petition. In addition, the new home provided a possibility of a permanent, adoptive family in which all three minor children could be together and one in which the prospective parents were supportive of the children maintaining a relationship with Jesse. Finally, in order to support a continued relationship between the children and Jesse, the court included in its order a provision that the Department must facilitate visits between Jesse and his siblings that included transportation and daily phone calls.

We find the Department demonstrated by a preponderance of the evidence that new or changed circumstances for the children warranted a change in their placement in order to promote their best interests. (See, e.g., *In re S.J., supra,* 167 Cal.App.4th 953, 959.) The juvenile court did not abuse its discretion, because its decision did not exceed the bounds of reason. (See, e.g*., In re Stephanie M., supra,* 7 Cal.4th 295, 318-319.)

**DISPOSITION**

The order is affirmed.

7

_____

RUSHING, P. J.



WE CONCUR:




_____

MÁRQUEZ, J.




_____

GROVER, J.




8